# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **JAMES E. JONES**, | § | |
| **TDCJ No. 1724835,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-11-CV-504-KC** |
| | § | |
| **EMMANUEL RIVERA, Correctional** | § | |
| **Officer, Sanchez Unit, TDCJ, *et al.*,** | § | |
| **Defendants.** | § | |

## ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

In a civil rights complaint brought pursuant to 42 U.S.C. § 1983 [ECF No. 6], Plaintiff James E. Jones ("Jones"), a state prisoner proceeding *pro se* and *in forma pauperis*, requests a court-ordered investigation by the Texas Rangers or "fed[eral] internal affairs officers" into alleged racial discrimination, sexual assaults, threats, false disciplinary cases, and interference with mail deliveries at the Rogelio Sanchez Unit of the Texas Department of Criminal Justice.[1]

The United States Magistrate Judge to whom the Court referred this matter has prepared a report and recommendation [ECF No.7].[2]  In his report, the Magistrate Judge recommends that the Court dismiss Jones's complaint.  The Magistrate Judge reasons that Jones's request for an investigation is not cognizable in a civil rights action.

> Investigations into possible criminal activities and the prosecution of state or federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. . . . As such, Plaintiff's

---

[1] Pl.'s Compl. 4.

[2] *See* 28 U.S.C.A § 636(b)(1)(B) (West 2012) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court[.]").

requested claim for relief is without an arguable basis in law and should be dismissed.[3]

The Magistrate Judge gave Jones fourteen days to file written objections to the report and recommendation.[4]  A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.[5]  As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.[6]  After completing its review, the Court may accept, reject, or modify the report, in whole or in part.[7]  To date, Jones has not responded to the report.[8]

---

[3] Report and Recommendation 4 (citing *Ballard v. Alvord,* No. 3:06-CV-194-N, 2006 WL 2573028, at *2 (N.D. Tex. Aug. 31, 2006); *Green v. Revel*, No. 2:09-CV-0147, 2010 WL 597827, at *2 (N.D. Tex. Feb. 19, 2010); *Stanley v. Unknown Prison Officials*, Civ. No. 07-450, 2010 WL 678690, at *3 (W.D. La. Feb. 25, 2010)).

[4] *Id* at 5.; *see* 28 U.S.C.A. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); FED. R. CIV. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[5] *See* 28 U.S.C.A. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[6] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . . where there has been no objection to the magistrate's ruling.").

[7] *See* 28 U.S.C.A. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); FED. R. CIV. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[8] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the

Accordingly, after reviewing the report, the Court finds that the Magistrate Judge's proposed findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[9]  Therefore, the Court enters the following orders:

1.     The Court **ACCEPTS** the Magistrate Judge's report and recommendation [ECF No. 7].

2.     The Court **DISMISSES WITH PREJUDICE** Plaintiff James E. Jones's complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3.     The Court **DENIES** all pending motions as moot.

4.     The Court **ADVISES** Jones that this dismissal counts as a "**STRIKE**" pursuant to 28 U.S.C. § 1915(g).[10]  Accordingly, the District Clerk is **DIRECTED** to e-mail or otherwise send a copy of this Order to the Office of the General Counsel for the Texas Department of Criminal Justice and to the *Pro Se* Clerk for the United States District Court for the Eastern District of Texas.  *Should Jones accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[11]

---

aggrieved party . . . after being served with a copy of the magistrate's report.").

[9] *Wilson*, 864 F.2d at 1221.

[10] *See* 28 U.S.C.A. § 1915(g) (West 2012) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

[11] *See id.*

**SO ORDERED.**

**SIGNED** on this **28th day of March 2012**.


KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE